IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JAMOCHO L. RUTHERFORD,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-805-FHM

## OPINION AND ORDER

Plaintiff, Jamacho L. Rutherford,[1] seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] The Social Security records, and Plaintiff's testimony at the hearing reflect that Plaintiff's name is Jamorcho. The case was docketed under the name Jamacho as that is the name on the Complaint and on the Civil Cover Sheet filed by counsel for Plaintiff. [Dkt. 1, 2].

[2] Plaintiff's June 17, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held September 18, 2009. By decision dated November 23, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 21, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 9 years old on the date of alleged onset of disability and 31 on the date of the ALJ's denial decision. He has a 9th grade education and no past relevant work . He claims to have been unable to work since February 1, 1988 as a result of a left knee injury, obesity, a learning disability, depression, and anxiety.

## The ALJ's Decision

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work in that he can stand or walk at least 6 hours and sit at least 6 hours of an eight hour workday and can occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds. Plaintiff is limited to simple, repetitive tasks and can have not more than incidental contact with the public. Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-

step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that he meets a listed impairment and is therefore disabled. He also argues that the ALJ failed to make a proper determination at step 5; failed to properly consider the medical source evidence; and failed to make a proper credibility determination.

### **Analysis**

#### Listing Analysis

The Listing of Impairments (Listings) are found in the Social Security regulations and describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P., App.1. It is well established that it is Plaintiff's burden to show that his impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that he meets the requirements of Listing §12.05 regarding mental retardation. The requirements of Listing 12.05 depend on valid IQ testing. The ALJ found that the IQ testing was not valid. [Dkt. 11-2, p 14]. The ALJ accepted the opinion of the Disability Determination Service (DDS) reviewing expert, Laura Lochner, PhD. Dr. Lochner

reviewed Plaintiff's medical records and developed a mental RFC. She offered the opinion: "[d]espite the conclusion by the voc rehab psychologist, his scores are not valid since he was dozing." [Dkt. 11-8, p. 25]. The ALJ's acceptance of this conclusion is consistent with the opinion of the consultative mental examiner who found that the scores obtained on the testing he performed were invalid due to lack of effort by Plaintiff. [Dkt. 11-8, pp. 10-12]. The ALJ did not, as Plaintiff asserts, give a bare conclusion that leaves nothing to review. The ALJ made a permissible choice about conflicting evidence and explained the reason for doing so, which reason is supported by substantial evidence in the record. *Lax v. Astrue,* 489 F.3d 1080, 1088 (10th Cir. 2007)(the substantial evidence standard does not allow the court to displace the agencies' choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo)(quoting Custer County Action Ass'n v. Garvey, 256 F.3d 1024, 1030 (10th Cir.2001)).

It would be inappropriate to award benefits based on questionable test results. Plaintiff was sent for testing for the purpose of determining his IQ. The record unmistakably reflects that Plaintiff wholly failed to cooperate in the testing and the results were thereby rendered invalid. Plaintiff has thus failed to carry the burden of demonstrating he meets the criteria for Listing 12.05.

Plaintiff argues that the ALJ failed to appropriately consider his obesity, but does not point to any work-related limitations caused by obesity that are not accounted for by limiting Plaintiff to the performance of light work. The court finds no error in the ALJ's treatment of Plaintiff's obesity. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through"

the record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

<u>Step Five Determination</u>

Plaintiff argues that the case should be reversed because the ALJ's hypothetical question to the vocational expert did not include all of the limitations the DDS reviewer, Dr. Lochner, indicated on the mental Psychiatric Review Technique (PRT) form.  Dr. Lockner indicated Plaintiff had moderate limitations in the ability to perform some work-related activities and marked limitations in other areas.  [Dkt. 11-8, pp. 27-28].  The ALJ's hypothetical question included the ability to perform the exertional requirements of light work and a limitation of performing simple, repetitive tasks and incidental contact with the public.  [Dkt. 11-2, p. 48 or 98?].  These abilities correspond with the findings recorded on the mental RFC form completed by Dr. Lochner which indicated Plaintiff was not significantly limited in his ability to remember locations and work-like procedures, understand remember and carry out very short simple instructions, make simple work-related decisions, complete a normal workday and workweek, ask simple questions or request assistance.  [Dkt. 11-8, pp. 27-28].  The ALJ's hypothetical question properly included the work-related limitations that resulted from the application of the PRT.

The court rejects Plaintiff's argument that the ALJ erred in failing to include the PRT findings in the RFC.  Where, as in this case, there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the

5

application of the procedure in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). This procedure, known as the psychiatric review technique (PRT), requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, §12.00 (C). However, PRT findings do not necessarily relate to the ability to perform work-related activities and thus do not necessarily reflect limitations that must also appear in the RFC. The ALJ explained that the PRT findings are not RFC findings. [Dkt. 11-2, p. 14]. Social Security Ruling 96-8p iterates this point. SSR 96-8p, 1996 WL 374184 at *4.

### Consideration of Medical Source Evidence

The court finds no error in the ALJ's treatment of the medical source evidence.

Contrary to Plaintiff's assertion, there is not an inconsistency in the physical consultative examiner's report about Plaintiff's knee. The examiner reported finding full range of motion, good strength about the joint, pain reported with manipulation of joint, but no locking or catching. [Dkt. 11-8, p. 3]. The doctor summarized that the left knee seems to cause mild pain, but it was "not a significant source of disability or dysfunction overall." [Dkt. 11-8, p. 4].

The mental consultative examination report included a recommendation for further more extensive mental examination to rule out psychosis and also requested mental health records from Plaintiff's current counselor to compare to Plaintiff's presentation at the consultative examination. [Dkt. 11-8, p. 12]. Plaintiff argues it was error not to have followed these recommendations. Plaintiff's treatment records note the absence of

psychosis, [Dkt. 11-8, p. 36], and contain no indication that Plaintiff was uncooperative or uncommunicative. [Dkt. 11-8, p. 44].

## Credibility

The ALJ's decision accurately recounts the medical record, including the remarkable number of inconsistencies recorded and commented on in the record of Plaintiff's interaction with evaluators and care providers. The decision thus leaves no doubt as to why the ALJ failed to credit Plaintiff's veracity. Plaintiff's complaint about the inclusion of boilerplate language in the ALJ's decision is not well taken in this case as the boilerplate paragraphs are not the only references to Plaintiff's credibility.

## **Conclusion**

The court finds that the record contains substantial evidence supporting the ALJ's denial of benefits in this case and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 26th day of March, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE